1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR,<br><br>                Plaintiff(s),<br>   v.<br><br>WASHINGTON STATE ATTORNEY GENERAL,<br><br>                Defendant(s). | CASE NO. 2:24-cv-00876-TL<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 3) and Plaintiff John Robert Demos, Jr.'s objections to the Report and Recommendation (Dkt. No. 4). Having reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record, the Court OVERRULES Mr. Demos' objections, ADOPTS the Report and Recommendation, and DISMISSES his case without prejudice.

Mr. Demos is a prolific litigant who is the subject of standing orders in both the Eastern and Western District of Washington under which he must comply with certain prerequisites before being permitted to file actions in forma pauperis. *See Demos v. U.S. Dist. Ct. For E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991). One of those orders from the Western District of Washington provides for the return without filing of any petition submitted by Mr. Demos that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253, or 2254, unless such petition is accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997).[1]

The Court notes that this appears to be Mr. Demos' third attempt this year to file similar petitions for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1978 conviction. *See Demos v. U.S.*, Case No. 2:24-cv-00203 (W.D. Wash.) and *Demos v. Wash. State Att'y Gen.* ("*WA AG 2024 I*"), Case No. 2:24-cv-00721 (W.D. Wash.). As in his objections in this case, he also challenged the requirement that he pay a filing fee in *WA AG 2024 I*. However, the Ninth Circuit has held that the order requiring him to pay a filing fee is final. *U.S. Dist. Ct. For E. Dist. of Wash.*, 925 F.2d at 1161. The Ninth Circuit also held that courts have "the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis," and that Mr. Demos is such a litigant who has abused the privilege of filing petitions. *Id.*

---

[1] The one exception to the bar orders appears to be if Mr. Demos makes a plausible claim of imminent danger of serious physical injury. *See Demos v. Holbrook*, 848 F. App'x 779 (9th Cir. 2021) (vacating denial of IFP status and administrative closure of an alleged 42 U.S.C. § 1983 action brought under a bar order and remanding with instructions to consider the possible application of the imminent danger exception); *see also* 28 U.S.C. § 1915(g) (demonstrating "imminent danger of serious physical injury" allows litigants to obtain IFP status despite filing more than three actions in one year). While Mr. Demos includes in his petition a section on "Imminent Danger," presumably to try to get around the bar order (*see* Dkt. No. 1 at 28–31), the crux of his petition is a habeas petition challenging his conviction which is not the situation envisioned by the Ninth Circuit or the statute for invoking the imminent danger exception. The Court finds the imminent danger exception does not apply here.

Therefore, the Court ORDERS as follows:

1. As explained in the Report and Recommendation, Plaintiff has failed to submit the requisite filing fee for this action. Mr. Demos' objections do not present any valid legal argument for avoidance of the fee. Accordingly, the Court ADOPTS the Report and Recommendation.

2. The Clerk shall administratively CLOSE this matter and STRIKE any pending motions as moot (Dkt. Nos. 5 and 6). *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997).

3. The Clerk shall send copies of this Order to Petitioner and to the Hon. S. Kate Vaughan.

Dated this 31st day of July 2024.

Tana Lin
United States District Judge